**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 19 2020

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

WYATT T. HANDY JR.

_____, Plaintiff

v.

OFC. SHEDERICK DOBBIN

_____,

DET. LYNNETTE NEDERLAND

_____,

OFC. BRADLEY MURPHY

_____.

OFC. ANNALISSA REYNOLDS

_____,

OFC. WENDY ANDERSON

_____,

CITY & COUNTY OF DENVER

_____,

JOHN & JANE DOE, DENVER POLICE OFFICERS

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**COMPLAINT**

---

```
NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files.  Under this rule, papers filed with the court should not
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number.  A filing may include only: the
last four digits of a social security number; the year of an individual's birth; a minor's initials;
and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other
materials to the Clerk's Office with this complaint.
```

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Wyatt T. Handy Jr. P.O. Box 221531 Denver, CO 80222

(Name and complete mailing address)

(720) 461-0787    w.t.handyjr@gmail.com

(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    Officer Shederick Dobbin  1625 S. University Blvd., Denver, CO 80210
                (Name and complete mailing address)

                (720) 913-1300
                (Telephone number and e-mail address if known)

Defendant 2:    Detective Lynnette Nederland 1625 S. University Blvd., Denver, CO 80210
                (Name and complete mailing address)

                (720) 913-1300
                (Telephone number and e-mail address if known)

Defendant 3:    Officer Bradley Murphy  1625 S. University Blvd., Denver, CO 80210
                (Name and complete mailing address)

                (720) 913-1300

2

(Telephone number and e-mail address if known)

Defendant 4:    Officer Annalissa Reynolds 1625 S. University Blvd., Denver, CO 80210
(Name and complete mailing address)

(720) 913-1300
(Telephone number and e-mail address if known)

Defendant 5:    Officer Wendy Anderson  1625 S. University Blvd., Denver, CO 80210
(Name and complete mailing address)

(720) 913-1300
(Telephone number and e-mail address if known)

Defendant 6:    City and County of Denver 211 W. Colfax Avenue, Denver, CO 80202
(Name and complete mailing address)

(720) 913-1311
(Telephone number and e-mail address if known)

Defendant 7:    John Doe Denver Police Officer, 1625 S. University Blvd., Denver, CO

80210
(Name and complete mailing address)

(720) 913-1300
(Telephone number and e-mail address if known)

Defendant 8:    Jane Doe, Denver Police Officer 1625 S. University Blvd., Denver, CO

80210
(Name and complete mailing address)

(720) 913-1300
(Telephone number and e-mail address if known)

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

 X     Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

 42 U.S.C. § 1983. State Torts

Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of ____ Colorado ____.

If Defendant 1 is an individual, Defendant 1 is a citizen of __ Colorado __.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

4

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

**CLAIM ONE:    Fourth & Fourteenth Amendment- Duty to Investigate/Failure to Investigate**

Supporting facts

1. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

2. Defendants were acting under color of state law in their actions and inactions which occurred at all relevant times to this action.

3. This claim one is being leveled against Defendants Officer Shederick Dobbin and Det. Lynette Nederland, herein ("Defendant[s]"), in their individual capacities, as employees of the City and County of Denver, and the Denver Police Department, herein ("DPD").

4. This civil action, filed by W. T. Handy Jr., herein ("Plaintiff"), encompasses an unlawful failure to Investigate, malicious prosecution, false arrest, false imprisonment, abuse of process, and excessive force by the Defendants, where none of the Defendants at any time had probable cause to believe that Plaintiff had committed any crimes prior to the unlawful arrest, and the use of unreasonable force, effectively violating Plaintiff's Fourth and Fourteenth Amendment rights to the United States Constitution.

5. Defendants had an independent motive to subject the Plaintiff to reprisals, and collectively encouraged, promoted and/or participated in an overall objective to subject Plaintiff to unconstitutional violations.

5

RELEVANT FACTS

6. On December 6, 2018, Defendant Dobbin was working the front desk at DPD, when Ashlee M. Handy, herein ("Mrs. Handy"), walked in to make a "cold" report of an alleged domestic violence incident, that allegedly took place four days prior to her reporting the incident.

7. Based on the interview with Mrs. Handy, Defendant Dobbin submitted a false police report, were he falsely reported the following:

(a) Plaintiff "punched" Mrs. Handy in the face three or four times with his "fist," and left visible marks on her face;

(b) Plaintiff shoved Mrs. Handy to the ground;

(c) Plaintiff broke Mrs. Handy's eyeglasses;

(d) Plaintiff cut up Mrs. Handy's purse and clothes with a large kitchen knife;

(e) Plaintiff broke Mrs. Handy's cell phone;

(f) Plaintiff packed a duffle bag with a large sum of money and two guns;

(g) Plaintiff stalked Mrs. Handy by going to her parents house and Mrs. Handy's job;

(h) Plaintiff is a gang member;

(i) Plaintiff was previously arrested for homicide;

(j) and Plaintiff threatened to kill Mrs. Handy.

8. On December 7, 2018, Defendant Nederland was assigned to the case for a follow-up investigation.

9. On December 10, 2018, Defendant Nederland submitted to the Court, a affidavit and application for arrest warrant, were she made the following material omissions and false statements, to include, but not limited to:

(a) Plaintiff has four guns;

(b) Plaintiff is a drug dealer;

(c) Plaintiff is paranoid and controlling;

(d) Plaintiff "punched" Mrs. Handy on the right side of her face three or four times;

(e) Plaintiff knocked Mrs. Handy's glasses off and broke them;

(f) Plaintiff wouldn't allow Mrs. Handy to leave;

(g) Plaintiff threatened to kill Mrs. Handy;

(h) Plaintiff grabbed a duffel bag and took money and 4-5 handguns and put it in the car;

(i) Plaintiff took the baby out of Mrs. Handy's hands and put her in the car;

(j) Plaintiff followed Mrs. Handy and told her to get in the car;

(k) Mrs. Handy didn't report the alleged crimes sooner because of her broke phone and death threats;

(l) Plaintiff showed up to Mrs. Handy's job with a gun;

(m) Defendant asked Mrs. Handy why Plaintiff cut up her purse and clothes and was told Plaintiff was looking for something unknown to Mrs. Handy;

(n) and, Plaintiff and Mrs. Handy have unreported domestic violence priors.


10. Defendants never contacted or attempted to contact Plaintiff regarding the investigation into the allegations.

11. Defendants knew that Mrs. Handy didn't have any facial injuries, therefore, inconsistent with someone being hit in the face 3 or 4 times with a closed fist. This averment is false and made for the purpose of misleading the issuing Magistrate and prosecution. The fact that Mrs. Handy had no facial injuries or injuries inconsistent with being punched with a closed fist in the face 3 or 4 times was omitted from the affidavit.

12. Defendants failed to go to Mrs. Handy's residence or have her produce evidence of the alleged destroyed phone, glasses, purse, clothing, etc., to determine the truth regarding the items. The nonexistence of this evidence was omitted from the affidavit.

13. Defendant's weapons story is inconsistent as well, because at one point it was averred that Plaintiff had two guns, then later averred that he had four or five guns, and finally that Mrs. Handy never saw Plaintiff with a gun. These assertions were false.

14. Plaintiff never stalked Mrs. Handy. Under Colorado law, stalking is predatory behavior that involves more than merely bothering another person. Under "Vonnie's Law," stalking requires both 1) a credible threat, and 2) repeated behavior that reasonably causes someone to be afraid or to suffer serious emotional distress. This assertion is false and made to mislead.

15. Plaintiff isn't a gang member, has never been arrested for homicide, and has never threatened

7

to kill Mrs. Handy. These assertions are false.

16. Plaintiff isn't a drug dealer, has never been paranoid and isn't controlling. These assertions are false.

17. Defendants averred that Plaintiff wouldn't allow Mrs. Handy to leave, then state how Mrs. Handy left her grandparents house. This assertion is false.

18. Plaintiff never "took" the baby out of Mrs. Handy's hands or followed Mrs. Handy. This assertion is false.

19. Defendants averred, Mrs. Handy didn't report the alleged crimes sooner, because of her broke phone and the death threats, however, if in fact Mrs. Handy's phone was broken, a fact that Defendants never verified, Mrs. Handy would have contacted police from any phone, including, but not limited to, her grandparents phone, where she allegedly went after the alleged incident, her work phone, etc., because Mrs. Handy would've had access to any phone. This assertion is false.

20. Defendants averred that Plaintiff showed up to Mrs. Handy's job with a gun, according to a supervisor at Mrs. Handy's job. The police weren't contacted regarding this alleged incident. Defendants never talked to the supervisor or did anything to verify this allegation. This assertion is false.

21. Defendants averred that Plaintiff and Mrs. Handy have unreported domestic violence priors, however, Defendants never conducted an investigation to determine if this was true. This assertion is false.

22. During the time of Defendants faulty domestic violence investigation, Defendant Dobbin was under investigation by DPD for several incidents involving police misconduct that was later substantiated. This was omitted from the affidavit.

23. Prior to Defendant Nederland filing the false arrest warrant affidavit, she interviewed Mrs. Handy, who informed her that Plaintiff never assaulted her and that none of the statements were true.

24. Defendant Nederland submitted the false affidavit anyway without evidence to substantiate the allegations, knowing that the statements were false.

25. Mrs. Handy informed the court and prosecution, after the commencement of the false charges, that the allegations asserted in the affidavit and complaint were false, however, the Defendants continued to attest to the false statements throughout the criminal proceedings.

26. Due to the mountain of inconsistencies, including issues regarding credibility, specifically Defendant Dobbin's credibility, Defendant Nederland should've conducted the investigation accordingly, but instead submitted the affidavit to the court, with false, unverified and inconsistent statements.

27. Defendant Nederland never went to Mrs. Handy's house and made admissions in the affidavit that were unverified and false.

28. On December 14, 2018, Plaintiff was arrested related to Defendant Nederland's false arrest warrant affidavit.

29. Defendants Murphy, Reynolds, Anderson, and several unknown John & Jane Doe DPD officers, were positioned in several strategic locations around Plaintiff's house. They approached Plaintiff with their weapons drawn and pointed at Plaintiff's person, as he walked to his car, although Plaintiff was out in the open, during daylight, and clearly unarmed.

31. Plaintiff was terrified, thought he would be executed, and had no idea what the police wanted with him.

32. Once in handcuffs, police informed Plaintiff that he had a warrant and was being arrested for domestic violence.

33. Plaintiff asked the Defendants why they were using such force to arrest him for a misdemeanor, however, Defendants failed to explain their use of force for a non-felony arrest.

34. As a result of the arrest, Plaintiff was incarcerated three days prior to posting bond, and then was placed on the severest form of house arrest for seven months while awaiting trial.

35. On July 10, 2019, the domestic violence charges were dismissed against Plaintiff.

36. Defendants Dobbin and Nederland failed to reasonably interview witnesses readily available to them, investigate basic evidence, or otherwise inquire if a crime had been committed at all.

37. Defendants Dobbin and Nederland, deliberately, recklessly, or intentionally failed to Investigate the alleged domestic violence allegations, because of Plaintiff's criminal history.

38. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

## II. Second Claim: Fourth & Fourteenth Amendment- Malicious Prosecution:

Supporting Facts:

9

39. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

40. Defendants were acting under color of state law in their actions and inactions which occurred at all relevant times to this action.

41. This claim two is being leveled against Defendants Dobbin and Nederland, in their individual capacities, as employees of the City and County of Denver, and the Denver Police Department.

42. Defendants Dobbin and Nederland, maliciously instituted false criminal charges against the Plaintiff without probable cause, depriving Plaintiff of his right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures, and his due process right to a fair probable cause hearing and his right to a fair trial.

43. Defendants Dobbin and Nederland, maliciously manufactured evidence, and knowingly used that evidence, along with perjured testimony, to obtain a faulty probable cause determination, which deprived the Plaintiff of his right to be secure in his person, house, papers, and effects, against unreasonable searches and seizures, and his due process right to a fair probable cause hearing and his right to a fair trial.

44. Defendants made the material omissions and false statements in the aforementioned arrest warrant affidavit, to mislead the issuing Magistrate and prosecution with the information contained in the affidavit, that they knew was false or should've known was false had they not recklessly disregarded the truth.

45. Defendants knowingly and deliberately, or with a reckless disregard for the truth, made false statements and material omissions that created a falsehood in applying for the warrant for Plaintiff's arrest.

46. On July 10, 2019, the criminal prosecution ended in the Plaintiff's favor.

47. As a result of the institution of false criminal charges, Plaintiff suffered deprivation of liberty consistent with the concept of a seizure, as the consequence of a legal proceeding.

48. As a result of the manufactured evidence and perjured testimony, Plaintiff suffered deprivation of liberty, and the right to a fair probable cause hearing and his right to a fair trial.

49. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**III. Third Claim: Fourth & Fourteenth Amendment- Abuse of Process:**

Supporting Facts:

50. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

51. Defendants were acting under color of state law in their actions and inactions which occurred at all relevant times to this action.

52. This claim three is being leveled against Defendants Dobbin and Nederland, in their individual capacities, as employees of the City and County of Denver, and the Denver Police Department.

53. Defendants Dobbin and Nederland caused Plaintiff's wrongful arrest by instituting false criminal charges against Plaintiff by submitting a false arrest warrant affidavit with false assertions and material omissions for the purpose of misleading the issuing Magistrate and prosecution.

54. Defendants Dobbin and Nederland intentionally instituted and used this legal procedure because of Plaintiff's criminal history alone and believed that regardless of the truth of matter, that a violent assault never occurred, Plaintiff would be pressured into accepting a guilty plea because of his criminal history.

55. As a result of the institution of false criminal charges, Plaintiff suffered deprivation of liberty consistent with the concept of a seizure, as the consequence of a legal proceeding.

56. As a result of the manufactured evidence and perjured testimony, Plaintiff suffered deprivation of liberty, and the right to a fair probable cause hearing and his right to a fair trial.

57. Plaintiff was harmed by Defendants intentional abuse of the aforementioned court process, and Defendants conduct was a substantial factor in causing Plaintiff's harm.

58. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**IV. Fourth Claim: Fourth & Fourteenth Amendment- False Arrest/False Imprisonment:**

Supporting Facts:

11

59. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

60. Defendants were acting under color of state law in their actions and inactions which occurred at all relevant times to this action.

61. This claim four is being leveled against Defendants Dobbin, Nederland, Murphy, Reynolds, and Anderson, in their individual capacities, as employees of the City and County of Denver, and the Denver Police Department.

62. Defendants Murphy, Reynolds, Anderson, and several unknown DPD officers, falsely arrested the Plaintiff at gunpoint, in Denver County without probable cause.

63. Defendants Dobbin and Nederland caused Plaintiff's false arrest by making false statements and material omissions to mislead the issuing magistrate by the information contained in the affidavit, that they knew was false or should've known was false had they not recklessly disregarded the truth.

64. Defendants Murphy, Reynolds, Anderson, Dobbin and Nederland, are liable to Plaintiff for false arrest and false imprisonment.

65. Defendants Dobbin and Nederland are also liable to the Plaintiff for Constitutional Fourth and Fourteenth Amendment malicious prosecution for instituting Denver County Court case 2018CR37.

66. As a direct and proximate result of the violation of the Plaintiff's constitutional rights by Defendants, Plaintiff suffered damages for emotional distress, mental anguish, loss of enjoyment of life, in having to defend himself on the bogus criminal charges in Denver County Court, for having to post bond, for losing his ability to seek full time employment, for being subjected to 24/7 house arrest and is entitled to relief under 42 U.S.C §1983.

67. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**V. Fifth Claim: Fourth & Fourteenth Amendment- Excessive Force;**

Supporting Facts:

12

68. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

69. Defendants were acting under color of state law in their actions and inactions which occurred at all relevant times to this action.

70. This claim five is being leveled against Defendants City & County of Denver, Murphy, Reynolds, Anderson, and several John & Jane Doe police officers (herein "Does"), in their individual capacities, as employees of the City and County of Denver, and the Denver Police Department.

71. Plaintiff had a protected Fourteenth Amendment Substantive Due Process interest against being unreasonably harmed by the use of excessive force at the hands of law enforcement personnel.

72. Defendants Murphy, Reynolds, Anderson, and Does, did not have, at any time, a legally valid basis to use force against Plaintiff.

73. Defendants Murphy, Reynolds, Anderson, and Does, acts of pointing their loaded firearms at Plaintiff constituted outrageously excessive force.

74. Defendants Murphy, Reynolds, Anderson, and Doe's use of force was extremely disproportionate.

75. Defendants Murphy, Reynolds, Anderson, and Doe's, acted with malice and/or excessive zeal amounting to an abuse of power.

76. Defendants Murphy, Reynolds, Anderson, Doe's, acted for the purpose of causing harm unrelated and unnecessary to any relevant policing objective.

77. Defendants Murphy, Reynolds, Anderson, Doe's actions were arbitrary and/or conscience shocking in light of the circumstances confronting them.

78. Defendants Murphy, Reynolds, Anderson, Doe's, engaged in these actions intentionally, willfully, and wantonly, demonstrating deliberate indifference to, and a reckless disregard for, Plaintiff's constitutionally-protected rights.

79. At the time when Defendants Murphy, Reynolds, Anderson, and Doe's used excessive force against Plaintiff, he had a clearly established constitutional right under the Fourteenth Amendment to the United States Constitution to be secure from excessive force.

80. Any reasonable law enforcement officers knew or should have known of this clearly established right.

81. Defendant City & County of Denver failed to properly train, supervise, and/or discipline its employees regarding the constitutional requirement not to use excessive force, resulting in Defendants Murphy, Reynolds, Anderson, and Doe's use of excessive force.

82. Defendant City & County of Denver particularly failed to properly train, supervise, and/or discipline its employees regarding the proper use of force as is set forth more fully in DPD Operations Manual 105.00.

83. Defendants Murphy, Reynolds, Anderson, and Doe's, was engaged in these acts pursuant to the formal or informal custom, policy and practice of Defendant City & County of Denver, which encourages, condones, tolerates, and ratifies the unlawful use of force by law enforcement officers, as set forth in detail in DPD Operations Manual 105.00.

84. This formal or informal custom, policy and practice of Defendant City & County of Denver, is so permanent and well settled as to constitute custom and has been ratified by final policymakers.

85. As a direct and proximate cause and consequence of Defendants unconstitutional acts and omissions, described above, Plaintiff suffered injuries, damages, and losses.

86. Defendants herein described acts or omissions were the moving force and the legal, direct, and proximate cause of Plaintiff's injuries and losses, including but not limited to non-economic damages, economic damages, the physical and mental pain and anguish Plaintiff suffered, and other compensatory and special damages

87. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

## VI. Sixth Claim: Negligence:

Supporting Facts:

88. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

89. Defendants were acting under color of state law in their actions and inactions which occurred at all relevant times to this action.

90. This claim sixth is being leveled against Defendants Dobbin, Nederland, Murphy, Reynolds,

14

Anderson, and Does, in their individual capacities, as employees of the City and County of Denver, and the Denver Police Department.

91. It was the duty of the Defendants to use due care to investigate criminal allegations when presented with incredible and unsubstantiated evidence, to submit arrest warrant affidavits with truthful and verified averments, and to not use unreasonable and excessive force.

92. Defendants breached that duty of due care by failing to investigate criminal allegations when presented with incredible and unsubstantiated evidence, failing to submit arrest warrant affidavits with truthful and verified averments, and failing to not use unreasonable and excessive force.

93. As a direct and proximate result of the negligence of the Defendants, Plaintiff has suffered mental anguish and emotional distress.

94. Plaintiff also has lost wages.

95. Plaintiff continues to suffer from his mental and emotional injuries.

96. All the above damages were directly and approximately caused by the aforementioned negligence of the Defendants.

97. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

**VII. Seventh Claim: Negligence Per Se;**

Supporting Facts:

98. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

99. At all relevant times, Defendant owed a duty to comply with applicable statutes, regulations, and rules related to drafting arrest warrant affidavits and the use of force in the State of Colorado.

100. Defendants Dobbin and Nederland breached this duty when they submitted a false arrest warrant affidavit, with false statements or material omissions, in violation of C.R.S. § 18-8-502; C.R.S. § 18-8-503; C.R.S. § 18-8-504; DPD Operations Manual 104.08.

101. Defendants Murphy, Reynolds, Anderson, and Does, breached this duty when they failed to use reasonable force to arrest Plaintiff, as required by C.R.S. § 18-8-802; C.R.S. § 18-8-803; C.R.S. § 18-1-707; DPD Operations Manually 105.00.

15

102. Plaintiff was, at the time of the submission of the faulty arrest warrant affidavit, within the class of persons whom the above-referenced statutes, regulations and rules, were meant to protect.

103. Plaintiff was, at the time of the unreasonable use of force, within the class of persons whom the above-referenced statutes, regulations and rules, were meant to protect.

104. Defendants failure to comply with the above-referenced statutes, regulations and rules, created the type of injuries against which the law was designed to protect.

105. Defendant's failure to comply with the above-referenced statutes, regulations and rules, was the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

106. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

## VIII. Eighth Claim: Assault & Battery;

Supporting Facts:

107. Plaintiff hereby incorporate by reference all paragraphs of this complaint as if fully set forth herein.

108. Defendants Murphy, Reynolds, Anderson, and Does, intended to make or permit harmful contact with Plaintiff.

109. Defendants Murphy, Reynolds, Anderson, and Does actions resulted in or ratified unreasonable physical contact with Plaintiff.

110. The contact made or ratified by Defendants Murphy, Reynolds, Anderson, and Does, harmed Plaintiff.

111. As a direct and proximate result of Defendants Murphy, Reynolds, Anderson, and Doe's actions, Plaintiff suffered and continues to suffer humiliation, emotional distress, physical injuries, and other damages and losses.

112. Defendants, as described above, were acting recklessly, knowingly, intentionally, willfully and wantonly, caused Plaintiffs injuries.

16

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

WHEREFORE, Mr. Handy requests that this Court enter judgment in his favor and against the Defendants, and award him all relief as allowed by law and equity, including, but not limited to, the following:

a. A declaration that Defendants violated the federal constitutional rights of Mr. Handy;

b. Actual economic damages as established at trial;

c. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

d. Punitive damages for all claims allowed by law in an amount to be determined at trial;

e. Nominal damages;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees and the costs associated with this action as allowed by law;

h. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

i. A trial to a jury on all issues so triable.

## F.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

10/12/ 2020

(Date)

(Form Revised December 2017)

18

W.T. Handy Jr.
P.O. Box 221531
Denver, CO. 80222

Legal Mail

United States District Court
District of Colorado
901 19th St.
Denver, CO. 80294


UNITED STATES
POSTAL SERVICE®

1023

80294

U.S. POSTAGE PAID
FCM LG ENV
DENVER, CO
80222
OCT 13 '20
AMOUNT
$1.80
R2303S104074-10

